UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                                                           Case No. 13-18494-EPK
STARFISH CAPITAL LLC,                                                                  Chapter 11
Debtor.
_____/

### Debtor's Response to US Trustee's Second Motion
### To Dismiss or Convert Case (Doc 40)

Debtor, by and through undersigned attorneys, responds to the US Trustee's Second Motion to Dismiss and Convert, and respectfully represents the following to the court:

Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code 4/15/13.

Debtor had a meeting of creditors 5/14/13 at 1PM, which was adjourned until May 30, 2013. Subsequently, as frequently happens, undersigned counsel, who is a sole practitioner, received several notices of hearings presenting two different conflicts at the adjourned date and time of May 30, 2013 at 10:30 AM.

Debtor has requested since May 24, 2013 (not the day before, or May 29 as stated) that the adjourned meeting be reset to a convenient date and time, and was confident that the US Trustee would acquiesce to that civil request. However, the US Trustee refused the request, and filed Doc 40.

The initial debtor interview was delayed due to the hospitalization of Omar Amanat's father, and then it simply was not again requested by US Trustee staff until last week, when it was completed. There was no "failure to appear". Sonia Lebron was given frequent email updates regarding this. It was not like we just stood her up.

It is true that a report required: Form 26, The Periodic Report Regarding Value, Operations And Profitability Of Entities In Which The Estate Holds A Substantial Or Controlling Interest was due 7 days before the first meeting, but was not prepared due to excusable neglect, in that counsel despite 37 years experience and board certification, had never heard of either the rule or the report, or when it was due. It was brought to counsel's attention at first meeting, and is being prepared by client, although it was not yet finished by May 30. We believe reasonably asked for a one week extension of time.

Counsel was never "nonchalant" about any of this. On the contrary, undersigned was anguished and made very uncomfortable and hurt. A Motion to continue and for enlargement of time was filed as to the meeting and the report, when it became apparent that the US Trustee was not about to accommodate a resetting. Doc 38 Ex Parte Motion to Extend Time to mutually convenient time, or in the alternative Motion to Continue Meeting of Creditors Motion To

Extend Time or Continuance For Adjourned Meeting of Creditors May 30, 2013 (Doc 32) and Doc 39 Motion to extend time for filing form 26B, Periodic Report Regarding Value, Operations And Profitability Of Entities In Which The Estate Holds A Substantial Or Controlling Interest Ex Parte Motion to Extend Time to June 7, 2013 .

Undersigned has approximately 10 emails abjectly apologizing, and requesting, and then begging, the US Trustee to reset, so that the reports due and the continued first meeting could be concluded.

In my experience US Trustees are very considerate of the sole practitioners challenges regarding his calendar, and understand that when an appointment is made two or three weeks out, Judges can set hearings at the same time and cause impossible conflicts, and that some flexibility is required, or our jobs would become impossible.

It has always also been counsel's expectation that some degree of civility requires resetting of matters where important, irreconcilable conflicts arise. There was a one hour evidentiary hearing before Judge Ray on contested cash collateral at the same time as the continued meeting. Case Name: Super Stop 407, Inc. Case Number: 13-17836-RBR. There was also a motion for order to show cause for contempt in Miami-Dade state court case 2002-24487 LPP Mortgage v. Susan Santana, set for 9 am that morning in Miami. Counsel juggled the best he could and settled Judge Ray's case and won the state case. Counsel notified US Trustee May 24 of these conflicts as was stated.

Amended schedules were filed as requested by US Trustee Doc 36 Amended Schedule B, Schedule G, Filed by Debtor Starfish Capital LLC.

Wherefore debtor seeks a modest continuance of the adjourned first meeting and until June 7, 2013 to file the missing required reports.

WE HEREBY CERTIFY that a true copy of the foregoing was served on US Trustee 5/29/13.

JOEL M. ARESTY, P.A.
Attorneys for Debtor
**Offices at Sailboat Cay**
**13499 Biscayne Blvd**
**STE T3 (18th Floor)**
**North Miami, FL 33181-2061**
**Fax: 305-723-7893**
Phone: (305) 899-9876
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Fla. Bar No. 197483